## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TORRANCE CLARK | CIVIL ACTION |
| VERSUS | NO. 22-375 |
| SEECHARRAN SANTOKE, SR., ET AL. | SECTION "B"(2) |

### ORDER AND REASONS

Before the Court are defendants Seecharran Santoke, Sr. and Seecharran Santoke, Jr.'s motion to dismiss (Rec. Doc. 17). Defendant's motion was filed on September 11, 2022 and set for submission on November 9, 2022. Pursuant to Local Rule 7.5, any opposition needed to be filed by **Tuesday, November 1, 2022**. Plaintiff failed to file any opposition to defendant's motion to dismiss, therefore the motion will be treated as unopposed. For the following reasons,

**IT IS ORDERED** that plaintiff's claims be **DISMISSED** for lack of diversity jurisdiction.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Torrance Clark's complaint avers he and Katina Davis acquired a property at 2117 Constantine Dr., Marrero, LA 70072 on December 7, 1992. Rec. Doc. 1 at 2. On February 12, 2020, defendant Seecharran Santoke, Sr. ("Sr.") acquired the same property at a foreclosure sale, which plaintiff contested[1]. *Id.*

---

[1] The record is unclear whether plaintiff successfully contested the foreclosure sale.

On **January 13, 2021**, defendants Sr. and Seecharran Santoke, Jr. ("Jr.") allegedly trespassed onto the property, uninvited and without court order, demanding plaintiff to leave the property. *Id.* at 3. Plaintiff's complaint also avers Sr. again trespassed onto the property on **January 24, 2021**, this time digging up and destroying plaintiff's garden that contained exotic and rare herbs. *Id.* On April 13, 2021, a judgment of eviction was signed in favor of defendant Sr. *Id.* Following the judgment, plaintiff's complaint avers Defendant Sr. and Jr. entered his property on two separate occasions on April 20, 2021 and April 24, 2021, and stole and/or destroyed many items[2] from the home. *Id.*

Plaintiff seeks damages for the four times that defendants allegedly trespassed onto plaintiff's property. *Id.* at 4. On September 11, 2022, defendants filed the instant motion to dismiss, with a submission date of November 9, 2022. Rec. Doc. 17. Months after the initial filing of the 12(b)(6) motion, plaintiffs have yet to file any responsive pleadings.

## II.  <u>LAW AND ANALYSIS</u>

### A. 12(b)(6) Standard

---

[2] Plaintiff avers defendants stole/or and destroyed many items from the house including but not limited to antique World War II weapons, Masonic Regalia, Zulu regalia and gowns, family heirlooms, personal effects, family pictures, medical records, jewelry, furniture, and gardening equipment. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

3

**B. Jurisdiction**

"District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Here, however, it is not facially apparent that plaintiff's claimed damages alleges sufficient facts to establish the $75,000 diversity amount—instead, plaintiff only provides a conclusory allegation that "the amount in controversy is over seventy-five thousand dollars." Rec. Doc. 1 at 2-4.

Defendants similarly question the Court's jurisdiction over two claims of trespass and chattel. Pointing to an unreported case from another section of this Court, defendants contend that provided authority is dispositive for our inquiry:

> The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Dow Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003). Typically, the plaintiff's allegation that the amount in controversy satisfies the jurisdictional minimum is sufficient to invoke diversity jurisdiction. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)); *Opelika Nursing Home, Inc. v. Richardson,* 448 F.2d 658, 665-666 (5th Cir.1971). If, however, the defendant challenges the amount in controversy in an appropriate manner, the plaintiff must show by a preponderance of the evidence that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount. *Lister v. Comm'r's Court, Navarro County,* 566 F.2d 490, 492; *Opelika,* 448 F.2d

at 665-66. *See also* Wright, Miller, & Cooper, Federal
Practice and Procedure: Jurisdiction 3d § 3702 (1998).

*Reliance Ins. Co. v. Airport Shuttle, Inc.*, No. CIV.A. 04-2383,
2004 WL 2984334, at *2 (E.D. La. Dec. 16, 2004).

As noted above, plaintiff did not file any responsive
pleadings and months have passed since the motion was filed.
Although the complaint conclusory states "the amount in
controversy is over seventy-five thousand dollars ($75,000)
pursuant to 28 U.S.C. § 1332," the complaint does not mention
how much defendant Sr. allegedly stole or destroyed plaintiff's
property on April 20, 2021 and April 24, 2021 compared to
defendant Jr., or made any allegations of joint liability
between them. Rec. Doc. 1.

Additionally, "[c]laims against two or more defendants can
be aggregated for the purpose of attaining the jurisdictional
amount, as a general proposition, if they are jointly liable to
the plaintiff." *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d
11, 13 (5th Cir. 1961); *see also Reliance Ins. Co.* at *2
(clarifying "a plaintiff generally may not aggregate claims
against two or more defendants to satisfy the jurisdictional
minimum for diversity"). But, as defendants accurately note,
plaintiffs have not pled what role defendant Jr., if any, played
in the alleged conversion or included any allegations about how

the two defendants are jointly liable to one another.
Accordingly, we lack jurisdiction over this matter.

### C. Prescription

Under Louisiana authority, state law tort claims have a
one-year statute of limitation:

> Delictual actions are subject to a liberative prescription
> of one year. This prescription commences to run from the
> day injury or damage is sustained. It does not run against
> minors or interdicts in actions involving permanent
> disability and brought pursuant to the Louisiana Products
> Liability Act or state law governing product liability
> actions in effect at the time of the injury or damage.

La. Code Civ. Art. 3492. "Ordinarily, the party pleading
prescription bears the burden of proving that the plaintiff's
claims have been prescribed." *Terrebonne Par. Sch. Bd. v. Mobil
Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). "However, once it
is shown that more than a year has elapsed between the time of
the tortious conduct and the filing of a tort suit, the burden
shifts to the plaintiff to prove either suspension,
interruption, or some exception to prescription[.]" *Id.* Here,
plaintiff plainly failed to raise any of the exceptions[3], much

---

[3] Even if plaintiff raised the doctrine of *contra non valentem* or
the theory of continuing tort, the defense(s) would not apply.
"The doctrine of *contra non valentem* creates a small opening,
not a gaping hole, and so it only applies in exceptional
circumstances." *Jones v. Evonik Corp.*, No. CV 22-1522, 2022 WL
3226755, at *4 (E.D. La. Aug. 10, 2022) (internal citations
omitted) (citing *Hayes v. United States*, No. 17-3841, 2018 WL
705876, at *3 (E.D. La. Feb. 5, 2018)). "Thus, *contra non
valentem* does not suspend prescription when a litigant is
perfectly able to bring his claim but fails or refuses to do

less respond to the motion to dismiss. Perhaps most devastating
to plaintiff's first two claims of trespass is that the
complaint avers the first two instances of trespass occurred on
January 13, 2021 and January 24, 2021. Rec. Doc. 1 at 3.
However, plaintiff did not file his complaint until February 14,
2022. Rec. Doc. 17-1 at 2-3. If this Court had jurisdiction
over the trespass claims, those two claims under state law
would appear to be prescribed.


New Orleans, Louisiana this 4th day of January, 2023


_____
SENIOR UNITED STATES DISTRICT JUDGE

---

so." *Id.* (internal citations omitted) (citing *Green v. Jefferson
Par. Coroner Office*, No. 05-1444, 2006 WL 380476, at *3
(E.D. La. Feb. 16, 2006)).